UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZACHARY BALL, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| vs. | ) CAUSE NO. 3:16-CV-532 RLM-MGG |
| | ) |
| ANDREW SAUL,[1] COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| DEFENDANT | ) |

## OPINION AND ORDER

Karen Melnick[2] brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. The court vacated the Commissioner's decision and remanded the case to the Social Security Administration for further proceedings. Following remand, the Social Security Administration determined that Ms. Melnick was disabled awarded her $113,683 in past-due benefits.[3] The court awarded counsel for the claimant, Jennifer L. Fisher, $7,733.90 for the services she provided pursuant

---

[1] Andrew Saul was automatically substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d) when he became the Commissioner of Social Security.

[2] Zachary Ball was substituted as the plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1) after Karen Melnick died. [Doc. No. 41].

[3] The claimant's fee motion estimates the past due benefits amount was $113,712.70. The Commissioner argues the correct amount is $113,683 and the difference is attributable to a rounding error. This difference also affects the fee calculation, which is 25 percent of the past-due benefits award. Mr. Ball didn't file a reply brief contesting the Commissioner's calculation, so the court will use the Commissioner's figures.

to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Ms. Fisher's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court.

An attorney who has successfully represented a claimant in federal court can receive "a reasonable fee for such representation, not in excess of twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). While fees may be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796.

Ms. Fisher asks the court to authorize attorney fees in the amount of twenty-five percent of Ms. Melnick's past-due benefits, or $28,420.75, less the $7,733.90 the court awarded her pursuant to the EAJA. This request is within both the parameters of Section 406(b) and the parties' contingent fee agreement. The government doesn't argue Ms. Fisher's request is unreasonable but recognizes that it is within the court's discretion to award the amount requested or reduce the fee award.

The court must decide whether the attorney fees yielded by the parties' contingent fee agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 807. A court shouldn't override the attorney-client contingent-fee agreement unless the resulting fee would be unreasonable. Id. at 808. A fee may be unreasonable "[i]f the attorney is responsible for delay" that causes an "accumulation of

benefits during the pendency of the case in court" or the "the benefits are large in comparison to the amount of time counsel spent on the case." Id.

Nothing in the record suggests that Ms. Fisher caused any delay in the adjudication of Ms. Melnick's case and the benefit of her work was significant. Ms. Melnick's application for social security disability benefits was denied by the agency and denied again by an ALJ after an administrative hearing. Ms. Fisher brought Ms. Melnick's appeal to this court, the court remanded the case to the Social Security Administration, which awarded her substantial past-due benefits.

Under the terms of their agreement, Ms. Melnick agreed that Ms. Fisher could elect to petition for up to 25 percent of all past due benefits in the event of a favorable outcome.[4] The amount requested, $28,420.75 equates to an effective rate of $555.09 per hour (for 51.2 hours). The proposed fee award is within the bounds of the contingency-fee agreement between Ms. Melnick and Ms. Fisher and falls within the range of what courts in this district have deemed reasonable. *See, e.g.,* Hill v. Comm'r of Soc. Sec., No. 1:11-CV-00134-SLC, 2016 WL 2643360, at *4 (N.D. Ind. May 10, 2016) (granting a fee request equating to an effective rate of $810); Bianco v. Colvin, No. 3:14CV98, 2016 WL 1295926, at *3

---

[4] Ms. Melnick's counsel at the administrative level was awarded $6,000 in fees pursuant to 42 U.S.C. § 406(a). The Supreme Court recently held that the statute's 25 percent cap on fees applies only to fees for court representation, not to the aggregate fees of both court representation and representation at the administrative level. Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019).

(N.D. Ind. Apr. 4, 2016) (granting a fee request equating to an effective rate of $825); Ittel v. Colvin, No. 2:12-CV-096 JD, 2014 WL 4905638, at *2 (N.D. Ind. Sept. 30, 2014) (granting a fee request equating to an effective rate of $521); Timberlake v. Colvin, No. 3:11-CV-10 RLM, 2014 WL 793366, at *1 (N.D. Ind. Feb. 26, 2014) (granting a fee request equating to an effective rate of $696); Smith v. Astrue, No. 1:05-CV-00202, 2009 WL 35223, at *3 (N.D. Ind. Jan. 5, 2009) (granting a fee request equating to an effective rate of $550). The fee request is reasonable in light of the result achieved in this case, Ms. Fisher's experience, and the contingent nature of the recovery.

Following remand to the agency, the court awarded Ms. Fisher $7,733.90 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Fee awards may be made under both the EAJA and Section 406(b), but the claimant's attorney "must refund . . . the amount of the smaller fee." Gisbrecht v. Barnhart, 535 U.S. at 796 (internal quotation marks omitted). Ms. Fisher acknowledges that Ms. Melnick is entitled to a refund of the $7,733.90 EAJA award Ms. Fisher received, so subtracts that from the award she requests.

Based on the foregoing, the court GRANTS motion for attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. No. 35], and AWARDS fees to plaintiff's attorney Jennifer L. Fisher in the total amount of $20,686.85 to be paid directly to Jennifer L. Fisher of the Law Office of Jennifer L Fisher, P.O. Box 411, Marysville, KS 66508.

SO ORDERED.

ENTERED:    July 16, 2019    

                              /s/ Robert L. Miller, Jr.    
                              Judge, United States District Court